UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| CHARLOTTE G. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 2:05-CV-124 PS |
| | ) | |
| JOANNE B. BARNHART, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This Court remanded Plaintiff Charlotte Johnson's social security case because the administrative opinion denying her benefits failed to include essential findings and support from the record. Plaintiff has now submitted an application for attorneys' fees. Because we find that the government was not substantially justified in denying Plaintiff's benefits, the fee petition is granted in part. Nevertheless, we reduce the requested fee to a more reasonable amount.

**I.  BACKGROUND**

Plaintiff Charlotte Johnson filed applications for disability, disability insurance and supplemental security income on June 4, 2002.  (R. 70-72.)  On December 4, 2003, Administrative Law Judge (ALJ) Daniel Dadabo denied her claim for benefits, finding that she was not disabled and was able to perform her past work.  (R. 18-22.)  The Appeals Council denied Plaintiff's request for review on January 7, 2005, rendering the ALJ's decision final.  (R. 4-6); 20 C.F.R. § 404.981.

On April 7, 2005, Plaintiff Johnson filed a complaint seeking judicial review of the ALJ's decision.  She argued that the ALJ incorrectly defined her residual functional capacity (RFC) in

three ways.  First, he improperly ignored evidence of Plaintiff's symptoms and other evidence favorable to Plaintiff, and instead substituted his lay impressions in place of medical evidence to doubt the severity of Plaintiff's symptoms.  (Pl. Mem. at 9-11 [DE 18].)  In particular, the ALJ did not believe that a two-month dosage of INH, a medication to treat tuberculosis, would result in long-lasting and weakening symptoms, and emphasized that the results of the various tests performed by Plaintiff's doctors were mainly negative.  (R. 20.)  Second, Plaintiff claimed that the ALJ did not adequately ensure that Plaintiff's limitations permitted her to return to her previous work.  (Pl. Mem. at 13-14.)  Third, Plaintiff asserted that the ALJ improperly evaluated her credibility.  (*Id.* at 14.)

After thorough review of the briefing and the administrative record, we remanded Plaintiff's case because the ALJ's opinion did not include necessary findings and support from the record.  (Ord. at 28 [DE 27].)  We first criticized the ALJ's finding that the two-month dosage of INH could not have resulted in Plaintiff's symptoms lasting twelve months.  (*Id.* at 17.)  Not only did he draw this conclusion without medical support, he also simply ignored several instances in the record showing that Plaintiff's treating physicians noted the correlation between INH and Plaintiff's symptoms.  (*Id.*)  He further failed to distinguish that a cause of an impairment (INH drug treatment) is different than the impairment itself (pain, swelling, weakness).  (*Id.*)

Moreover, the ALJ improperly focused on whether Plaintiff had TB rather than her symptoms of pain, weakness, swelling and numbness – the express reasons for her alleged disability.  (*Id.* at 18.)  In fact, the ALJ dismissed Plaintiff's symptoms "outright and without discussion," (*id.* at 19), and ignored several facts favorable to Plaintiff's allegations of

2

debilitating symptoms, (*id.* at 20). The Court cannot assume that the ALJ properly considered all relevant evidence (as required by 20 C.F.R. § 404.1529(c)(3), SSR 96-8p and SSR 86-8) when his opinion never discussed the evidence supporting Plaintiff's allegations. (*Id.* at 21.) The ALJ further erred when he interpreted and extrapolated raw data – without medical support – to find that Plaintiff's symptoms were not as severe as she claimed. (*Id.* at 22-23.)

We also were critical of the ALJ's assessment of Plaintiff's ability to perform past work. It was unclear whether the ALJ properly considered all the relevant evidence when determining whether Plaintiff's symptoms and inability to perform certain daily activities precluded her from sedentary work. (*Id.* at 23.) Moreover, the ALJ failed to question the vocational expert about Plaintiff's specific, severe impairments (which he believed Plaintiff suffered from) and how they may (or may not) affect Plaintiff's ability to perform her previous work. (*Id.* at 24.) Thus, the ALJ did not consider how the physical demands of work at a sedentary level would bear on Plaintiff's medically established limitations, as required by SSR 82-62. (*Id.* at 25.)

Finally, the ALJ's vague and conclusory comments regarding Plaintiff's credibility did not comport with the process for determining credibility as outlined by SSR 96-7p. (*Id.* at 26.) Accordingly, the Court remanded Plaintiff's case because the ALJ repeatedly failed to build a bridge between the relevant evidence, particularly that which was favorable to Plaintiff, and his finding of no disability.

On December 27, 2006, Plaintiff filed a fee petition seeking attorneys' fees under the Equal Access to Justice Act (EAJA), which is currently before the Court. The government requests that the Court deny Plaintiff's petition because its position was "substantially justified," or in the alternative, reduce the amount of fees.

3

## II.  DISCUSSION

The EAJA provides that a litigant is entitled to recover attorneys' fees if (1) she was a "prevailing party"; (2) the government's position was not "substantially justified"; (3) no special circumstances exist that would make an award unjust; and (4) she filed a timely application with the district court.  28 U.S.C. § 2412(d)(1)(A), (B); *Cunningham v. Barnhart*, 440 F.3d 862, 863 (7th Cir. 2006).  The government concedes that Plaintiff is a prevailing party and that her Petition is timely.  (Gov't Resp. at 2.)  It contends, however, that its position was "substantially justified." (*Id.*)

Courts may award attorneys' fees in social security cases if either the Commissioner's pre-litigation conduct or her litigation position was not substantially justified.  *Cunningham*, 440 F.3d at 863.  The ALJ's decision constitutes part of the agency's pre-litigation conduct.  *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004).  We only need to make one determination for the entire civil action regarding whether the government's position was substantially justified.  *Id.*  Thus, we may award fees in cases "where the government's pre-litigation conduct was not substantially justified even though its litigating position may have been substantially justified and vice versa." *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994).  To satisfy this standard, a position must have "a reasonable basis in law and fact." *Conrad v. Barnhart*, 434 F.3d 987, 990 (7th Cir. 2006).  In other words, the government must show that its position was grounded in (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory propounded.  *Golembiewski*, 382 F.3d at 724.  The government has the burden of establishing that its position was substantially justified.  *Id.*

4

### A. "Substantial Justification" Analysis

Based on the specific facts of this case, we find that the Commissioner's position – specifically, the ALJ's decision – was not substantially justified. The ALJ repeatedly ignored facts favorable to Plaintiff and failed to build a bridge between the facts and his conclusion. The Court's opinion was critical of the ALJ's decision and explained the many errors in detail. Such "[s]trong language against the government's position in an opinion discussing the merits of a key issue is evidence in support of an award of EAJA fees." *Id.*

To further support an award of fees, the ALJ violated the Commissioner's own Ruling and Regulations and longstanding Seventh Circuit precedent by failing to properly evaluate credibility, disregarding significant evidence, and proposing inadequate hypotheticals to the vocational expert. *See id.* For example, the ALJ did not properly assess Plaintiff's credibility in the manner necessitated by SSR 96-7p and failed to conform to the requirements of SSR 96-8p, SSR 86-8 and SSR 82-62. *See Lechner v. Barnhart*, 330 F. Supp. 2d 1005, 1009, 1010 (E.D. Wis. 2004) (holding that the Commissioner's position was not substantially justified when the ALJ failed to comply with SSR 96-7p and SSR 96-8p); *Morton v. Barnhart*, No. 1:03CV0995-DFH-VSS, 2005 WL 1528242, at *2 (S.D. Ind. June 28, 2005) (granting fee under the EAJA where remand resulted from a "straightforward failure to comply with the specific requirements" of a social security ruling); *Stemper v. Barnhart*, No. 04-C-838-S, 2005 WL 1712458, at *1 (W.D. Wis. July 12, 2005) ("Failure to follow the regulations is evidence that the Commissioner did not have a substantial basis for her position.").

Also, the ALJ failed to build a bridge between the evidence and his conclusion as mandated by judicial precedent. *See, e.g., Henderson v. Barnhart*, 349 F.3d 434, 436 (7th Cir.

2003); *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001); *Herron v. Barnhart*, No. 02 C 4516, 2004 WL 1397547, at *3 (N.D. Ill. June 21, 2004) ("[G]iven the Seventh Circuit's numerous decisions consistently emphasizing the need for ALJs to build a 'logical bridge for their decisions,' and what that requires, we do not believe that the Government was substantially justified in arguing that the ALJ satisfied that requirement here."). Finally, it is telling that we did not affirm any position taken by the Commissioner. *See Golembiewski*, 382 F.3d at 725.

In sum, the ALJ did not show a reasonable basis in either fact or law to deny Plaintiff disability benefits. The Commissioner compounded the ALJ's errors by defending them in court. Accordingly, the Commissioner has not demonstrated that her position was substantially justified, and Plaintiff is entitled to attorneys' fees. *See Lechner*, 330 F. Supp. 2d at 1009-10 (holding that the Commissioner's position was not substantially justified where the ALJ erred in her credibility determination and RFC assessment); *Purvis v. Barnhart*, No. 1:04-cv-2124 DFH VSS, 2006 WL 3354518, at * 3 (S.D. Ind. Nov. 16, 2006) (granting award under EAJA where ALJ failed to comply with SSR 96-7p, to address medical evidence showing Plaintiff's limitations, and to consider evidence relating to plaintiff's credibility).

The government raises several issues in defending the ALJ's decision. None of them has merit. First, the government claims that its position was substantially justified because the Court remanded the case simply due to "articulation problems." (Gov't Resp. at 3.) It cites *Stein v. Sullivan*, 966 F.2d 317, 320 (7th Cir. 1992), for the proposition that the ALJ's failure to articulate the basis for his decision does not mandate a finding that the Commissioner's position was not substantially justified. This is true up to a point. However, in this case, the ALJ's opinion was so deficient in connecting the facts to the conclusion that it cannot be substantially

justified.  *See Porter v. Barnhart*, No. 04 C 6009, 2006 WL 1722377, at *2 (N.D. Ill. June 19, 2006) (finding the ALJ's decision was not substantially justified where it "failed to reasonably connect facts and law"); *Henderson v. Barnhart*, No. 01 C 9621, 2004 WL 868396, at *3 (N.D. Ill. April 21, 2004) (granting award under the EAJA where the ALJ failed to connect the evidence with whether the plaintiff could perform his work); *Dahlmeier v. Barnhart*, No. 02 C 50320, 2003 WL 22859266, at *2 (N.D. Ill. Dec. 2, 2003) (finding government's position was not substantially justified where the ALJ's lack of factual basis "made it impossible . . . to follow a clear path of reasoning in the ALJ's decision").

Second, the government contends that the ALJ reasonably noted that Plaintiff had been on INH for only two months and that her subsequent medical testing was basically normal. (Gov't Resp. at 3, 5.)  Thus, it was reasonable for the ALJ to decide that Plaintiff's symptoms did not satisfy the requisite twelve-month period.  We disagree, particularly in light of the fact that the ALJ never cited any medical evidence for this finding and didn't look beyond the objective medical tests as required by the Seventh Circuit.  *See Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000) (finding error where ALJ held that plaintiff's limitations were unsupported by the medical evidence, in spite of the record which was "replete with instances where [plaintiff] sought medical treatment for pain symptoms related to her physical impairments").  In any event, the ALJ did not deny Plaintiff disability because she had not been disabled for the full twelve months.  Rather, he rejected her claim because he believed that she could perform her past work.

Finally, the government relies on Dr. Gaddy's opinion, which found that Plaintiff's medical condition did not limit her ability to work, as a valid basis for defending the ALJ's

7

decision. (Gov't Resp. at 4.) The ALJ, however, never referred to this opinion in his decision. Therefore, Dr. Gaddy's opinion cannot be used to substantially justify the government's position. *See Golembiewski*, 382 F.3d at 725 (finding that "the Commissioner's argument had no reasonable basis in law because her argument was based upon facts not relied upon by the ALJ").

This was not a close case. If the ALJ had made only a few mistakes, the Court would be more likely to find substantial justification for the government's position. But considering the number and seriousness of the errors, the Court has no choice but to grant Plaintiff's Petition. *See Purvis*, 2006 WL 3354518, at *3 ("collection of errors" indicates that the Commissioner's position was not substantially justified); *Lipscomb v. Barnhart*, No. 4:03CV0130-DFH-WGH, 2005 WL 1528187, at *2 (S.D. Ind. June 28, 2005) (granting fee award where plaintiff "showed that the ALJ failed in several ways to address the [] combination of impairments and limitations"); *Seamon v. Barnhart*, No. 05-C-0013-C, 2006 WL 517631, at *5 (W.D. Wis. Feb. 23, 2006) (granting fee award where ALJ was not substantially justified in failing to account for certain evidence in his RFC assessment); *Samuel v. Barnhart*, 316 F. Supp. 2d 768, 773-74, 777-78 (E.D. Wis. 2004) (granting fee award where ALJ failed to cite medical evidence, disregarded SSR 96-8p, erred in evaluating the plaintiff's credibility and provided incomplete hypotheticals to the VE).

### B. Attorneys' Fees

We now must decide whether the requested attorneys' fees are reasonable by multiplying the number of hours reasonably expended by a reasonable hourly rate. *See INS v. Jean*, 496 U.S. 154, 161 (1990) (indicating that the procedure for determining fee award established in *Hensley*

*v. Eckerhart*, 461 U.S. 424 (1983) is appropriate for EAJA awards). We must exclude those hours that were excessive, redundant, or otherwise unnecessary. *Hensley*, 461 U.S. at 434.

Plaintiff requests compensation for 12.40 hours at the rate of $156.25 for 2005 and 2.10 hours at the rate of $160.00 for 2006. The government does not object to these hourly rates, as they accurately reflect the statutory maximum of $125.00 per hour adjusted for cost of living. (*See* Gov't Resp. at 7.) Thus, we accept Plaintiff's proposed hourly attorney rates.

Plaintiff also requests reimbursement for 53.90 hours at the rate of $100.00 for the work of three law clerks: Suzanne Blaz, Barbara Long and Deborah Nall. Plaintiff cites the *Laffey* Matrix, which recommends a rate of $100 per hour for paralegals/law clerks working in Washington D.C. (Pl. Pet. Ex. F.) The government strongly contests this hourly rate and asks that it be reduced to $85. The Court concurs that $100 for legal work by a relatively inexperienced law clerk is excessively high, particularly where the statutory maximum for a practicing and experienced social security lawyer is $160. Furthermore, courts in this circuit are not required to follow the *Laffey* matrix.[1] *See Holland v. Barnhart*, No. 02 C 8398, 2004 WL 419871, at *2 (N.D. Ill. Feb. 3, 2004). We therefore will reduce the hourly rate for the law clerks' time to $85. *See Bailey v. Barnhart*, 473 F. Supp. 2d 842, 2006 WL 4056575, at *9 (N.D. Ill. Nov. 1, 2006) (paralegal time billed at $85.00); *Sadler v. Barnhart*, No. 02 C 6891, 2004 WL 419908, at *3 (N.D. Ill. Feb. 25, 2004) (reducing law clerk hourly rate from $100 to $85).

The government also contends that the overall fee is in far excess of average fees

---

[1] In fact, the matrix specifically notes that it does not apply in cases where the hourly rate is limited by statute.

9

awarded in this jurisdiction in garden variety Social Security cases.  (Gov't Resp. at 7.)  It points to specific areas that it believes were excessively billed.  First, the government notes that the law clerk Nall billed 17.25 hours to reviewing the record and drafting and revising the motion and memorandum for summary judgment.  Law clerk Long, on the other hand, billed 27.75 hours to write only the reply – over ten hours more than it took to write the original memorandum.  Generally, the Court is hesitant to second-guess the reasonableness of time spent performing a legal task.  But in this case, we find that 27.75 hours was unreasonable for a reply brief that responded to the government's arguments but did not include any new assertions when compared to the initial briefing.  We therefore will delete the last two time entries (each for 2.25 hours) for revising the reply brief.  (The first time entry regarding revising the brief (for 2.75 hours) will remain.)  Accordingly, we reduce law clerk Long's time by 4.50 hours.

The government further complains about the hours spent drafting motions to file oversized briefs and to extend deadlines.  The government does not point to, and the Court cannot locate, any entries regarding motions to file oversized briefs.  Plaintiff argues that several courts in this circuit have found that extensions of time are compensable.  (Pl. Reply at 12.)  The Court agrees.  "Extensions of time are regularly requested and granted in social security cases in this district, in favor of both the Commissioner and the [plaintiff]."  *Samuel*, 316 F. Supp. 2d at 779-80.  Furthermore, the time requested – a total of 1.05 hours for two motions to extend – is not excessive.  Accordingly, the Court finds that this time may be included in the Petition.

Finally, the government argues that the time billed (.25) on advising Plaintiff about filing a new claim on October 7, 2005 is not relevant to the present action.  (Gov't Resp. at 9.)  Plaintiff explains that this time was spent informing Plaintiff about the status of her lawsuit and

10

legal remedies.  (Pl. Reply at 13.)  However, the time entry states: "Spk with claimant abt filing a new claim."  (Pl. Pet. Ex. C.)  Based on the language of the time entry, it does not appear to be related to the instant case, particularly as Plaintiff's opening brief had been filed in September 2005.  Therefore, the Court excludes .25 hours from Daley's billing calculation.

After re-calculating the fee petition to include the above changes, the Court finds that Plaintiff shall be awarded: (1) $1898.44 (12.15 hours x $156.25) for attorney Daley's work in 2005; (2) $336 (2.10 hours x $160) for attorney Daley's work in 2006; (3) $4,199 (49.40 hours x $85) for law clerks Blaz's, Long's and Nall's work; and (4) $500 (4 x $85 for law clerk's time and 1 x $160 for attorney's time) for the EAJA reply, for a total of $6,933.44

## III.  CONCLUSION

The Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Application for Attorneys' Fees Under the Equal Access to Justice Act [DE  29].  Plaintiff is awarded fees in the amount of $6,933.44 to be made payable to Plaintiff's attorney, Frederick J. Daley.  A separate judgment to that effect shall be issued.

**SO ORDERED.**

ENTERED: April 12, 2007

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT
